Requestor: Christina Lomolino, Esq., Corporation Counsel City of Yonkers City Hall Yonkers, N Y 10701-3883
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested an expedited opinion of the Attorney General concerning the power of the New York State Emergency Financial Control Board for the City of Yonkers ("Board") to require the establishment and maintenance of a financial reserve fund in an amount established by the Board.
Chapter 103 of the Laws of 1984 established the New York State Financial Emergency Act of 1984 for the City of Yonkers. The Legislature found that a financial emergency and an emergency period exists in the City of Yonkers and that the continued existence of this condition is contrary to the public interests of the city and of the State. L 1984, Ch 103, § 1. To bring the emergency under control, the Legislature found that the State must undertake
 "an extraordinary exercise of its police and emergency powers under the state constitution, and exercise controls and supervision over the financial affairs of the city of Yonkers . . .".
Ibid. In this preamble, the Legislature characterized the program established by Chapter 103 as providing for the creation of the Board "to review, control and supervise the financial management of the city . . .".
Chapter 103 establishes the Board and provides for its membership. Id.,
§§ 6, 7. Each year the city is required to develop, with the approval of the Board, a four-year financial plan for the city. Id., § 9(1). The financial plan is to be in the form and must contain information specified by the Board. Id., § 9(3). Under the plan, the operation and capital budgets of the city must be balanced in accordance with the accounting system prescribed by the State Comptroller and must comply with the requirements of the Special Local Finance and Budget Act of the City of Yonkers. Ibid. The Board is authorized to "exercise the rights ofapproval, disapproval and modification with respect to the financial plan
. . .". Emphasis supplied; id., § 8(1)(a).
The city is required to prepare and submit a financial plan to the Board covering the four-year period beginning with each fiscal year. Id.,
§ 9(2). At that time, the mayor is required to submit to the Board the city's proposed operating and capital budgets for the ensuing fiscal year and a certificate "stating that such budgets are consistent with the financial plan submitted therein . . .". Id., § 9(2)(a). Thefinancial plan must show that adequate reserves have been provided tomaintain essential programs in the event revenues have been overestimatedor expenditures underestimated for any period. Id., § 9(4)(iii).
After submission of the financial plan, the Board determines whether the plan is complete and complies with statutory requirements and must approve or disapprove the plan. Id., § 9(2)(b). The conditions for disapproval are that the plan is incomplete, fails to contain reasonable projections of revenue and expenditures, fails to provide that operations of the city will be conducted within resources available or fails to comply with statutory requirements. Id., § 9(2)(d).
We believe it is clear that the Board is empowered to disapprove a financial plan (and the budget, which must be based on the plan) if in the judgment of the Board the plan fails to include adequate reserves to maintain essential programs in the event revenues have been overestimated or expenditures underestimated for any period. The statute is very clear in requiring adequate reserves as part of the financial plan and in providing the Board with the power to approve, disapprove or modify the plan and each of its elements. A financial plan which does not include adequate reserves would be incomplete and would create questions as to the adequacy of revenue projections. Id., § 9(2)(d).
In the event the city fails to submit a financial plan, adopt a financial plan approved by the Board or, in the event the Board has not for any reason permitted under the Act, approved a financial plan submitted by the city, the Board is required to formulate and adopt a financial plan to be effective until it approves a financial plan submitted by the city. Id., § 9(2)(f). It seems clear under this provision that if the Board disapproves elements of the city's financial plan (or budget based thereon) and the city does not adopt the plan approved by the Board, the Board is to unilaterally adopt a financial plan, effective until the city submits a plan approved by the Board. The Board is the final arbiter as to whether the plan complies with statutory requirements. Thus, if in the sole opinion of the Board the city fails to submit a plan with adequate reserve funds and refuses to adopt the fund approved by the Board, the Board is empowered to require the establishment and maintenance of a financial reserve fund in an amount established by the Board.
We conclude that the New York State Emergency Financial Control Board for the City of Yonkers is empowered to require the establishment and maintenance of a financial reserve fund in an amount established by the Board.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.